UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL FRANK BURGESS,

Petitioner,

v. CASE NO. 6:13-cv-1439-Orl-22GJK
(6:10-cr-161-Orl-22GJK)

UNITED STATES OF AMERICA,

Respondent.

---

**ORDER**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by Michael Frank Burgess. The Government filed a response (Doc. No. 4) to the section 2255 motion in compliance with this Court's instructions. Petitioner filed a reply to the Government's response (Doc. No. 9).

Petitioner alleges eight claims for relief. For the following reasons, Petitioner's § 2255 motion is denied.

***I. Procedural History***

Petitioner was charged by superseding information with conspiracy to commit wire fraud in violation of 18 U.S.C. § 371 (count one) and money laundering in violation of 18 U.S.C. §§ 2 and 1957 (count two). (Criminal Case No. 6:10-cr-161-Orl-22GJK, Doc. No. 61.)[1] Pursuant to a plea agreement, Petitioner entered a plea of guilty to both counts

---

[1]Criminal Case No. 6:10-cr-161-Orl-22GJK will be referred to as "Criminal Case."

before Magistrate Judge Gregory J. Kelly. *Id*. at Doc. No. 63. Magistrate Judge Kelly filed a Report and Recommendation, recommending that the plea be accepted and that Petitioner be adjudicated guilty. *Id*. at Doc. No. 68. This Court accepted the plea and adjudicated Petitioner guilty. *Id*. at Doc. No. 74. The Court sentenced Petitioner to a 60-month term of imprisonment for count one and to a 120-month term of imprisonment for count two with the sentences to run consecutively. *Id*. at Doc. No. 112. Petitioner appealed, and the Eleventh Circuit Court of Appeals affirmed his convictions and sentences. *Id*. at Doc. No. 126.

## ***II. Legal Standard***

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id*. at 687-88. The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within

the wide range of reasonable professional assistance. *Strickland*, 466 at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## *III. Analysis*

### *A. Claims One, Two, Three, and Four*

In claims one and two, Petitioner asserts that counsel rendered ineffective assistance by (1) causing him to forego his claim of actual innocence by failing to believe his contention that the indictments were "fatally flawed," (2) failing to prepare for trial, and (3) refusing to believe that Petitioner had engaged in a legitimate business strategy.

(Doc. No. 1 at 8-21.) In claim three, Petitioner contends that counsel rendered ineffective assistance by failing to request the Grand Jury minutes, conduct an independent investigation, file a Bill of Particulars, "challenge withheld *Brady* material evidence both exculpatory and impeachment in nature regarding 12 Credit Suisse frozen accounts," and prepare for trial. *Id*. at 21-24. Petitioner further maintains in claim four that counsel rendered ineffective assistance by failing to alert the Court at the plea hearing of Petitioner's diminished mental capacity resulting from the use of pain medication. *Id.* at 25-29.

Claims one, two, and three are conclusory and vague. Petitioner has not established that he is actually innocent of the offenses. Furthermore, Petitioner's contentions that counsel failed to request the Grand Jury minutes, conduct an independent investigation, file a Bill of Particulars, "challenge withheld *Brady* material evidence both exculpatory and impeachment in nature regarding 12 Credit Suisse frozen accounts," and prepare for trial are vague. It is not clear why counsel was deficient for failing to take such action or how prejudice resulted therefrom.

Moreover, at the plea hearing, Petitioner affirmed that he understood the charges against him and that the Government would have to prove each element of the offenses if he proceeded to trial. (Criminal Case Doc. No. 72 at 9-12.) Petitioner acknowledged that he had "considerable discussion with counsel" about the potential defenses to the charges, as well as, the evidence the Government had. *Id*. at 12. Counsel advised the

Court that there was nothing that the Government had failed to disclose or that was denied to the defense. *Id.* at 13. Petitioner said that he had sufficient opportunity to discuss with counsel whether to enter a guilty plea and the consequences of doing so, and he affirmed he was completely satisfied with counsel. *Id.* at 12-13.

Petitioner affirmed that he had read the plea agreement very carefully, had discussed it with his attorney, and understood it. *Id.* at 14-15. Petitioner indicated that the statement of facts set forth in the plea agreement was true and accurate. *Id*. at 22-23. Petitioner affirmed that he knew he did not have to enter a guilty plea and acknowledged he understood the rights he would forego by entering the plea. *Id*. at 26-27. Petitioner told the Court he wanted to plead guilty because he was guilty and for no other reason. *Id*. at 34. Finally, Petitioner told the Court that although he was using medication, he was clear minded and his medication did not affect his ability to understand or communicate. (Criminal Case Doc. No. 72 at 4, 35-36.)

Petitioner's representations constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Petitioner clearly was aware of the consequences of entering a plea and chose to do so because he was guilty of the offenses. Contrary to his current contention that counsel failed to prepare for trial, Petitioner did not express any dissatisfaction or concern about counsel when he entered his plea. Furthermore, Petitioner stated unequivocally that his medication did not

impact his cognitive function. Consequently, for all these reasons, Petitioner has failed to demonstrate that counsel's performance was deficient or that a reasonable probability exists that he would not have entered a plea and would have proceeded to trial absent counsel's purported deficiencies. Therefore, claims one through four are denied pursuant to *Strickland.*

***B. Claim Five***

Petitioner asserts that counsel rendered ineffective assistance at sentencing by failing to object to the Pre-Sentence Investigation Report ("PSR") or to file a timely objections to the PSR. He further contends that counsel should have presented mitigating evidence at the sentencing hearing to refute the number of victims and loss amount.

Pursuant to the plea agreement, Petitioner agreed:

> this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and [Petitioner] expressly waives the right to appeal [his] sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds . . . [his] applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then. . . [Petitioner] is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(Criminal Case Doc. No. 63 at 14-15) (emphasis in original). During his change of plea

hearing, Petitioner affirmed that he understood the appeal waiver and acknowledged that he understood that by pleading guilty, he was waiving his right to collaterally attack his sentence based on a claim of ineffective assistance of counsel. (Criminal Case Doc. No. 72 at 25-26.)

In *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005), the Eleventh Circuit Court of Appeals determined that a valid sentence-appeal waiver, entered into voluntarily and knowingly pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing. *Id*. at 1342. The Eleventh Circuit, however, has indicated that a valid sentence-appeal waiver does not bar a claim that the plea was invalid due to ineffective assistance of counsel. *Patel v. United States*, 252 F. App'x 970, 974-75 (11th Cir. 2007). Therefore, a defendant's knowing and voluntary waiver pursuant to a plea agreement generally bars him from pursuing collateral relief under § 2255, including any ineffective assistance of counsel claim that does not directly affect the validity of the waiver or the plea itself.

The Court concludes that the plea agreement and waiver were knowingly and voluntarily entered. As set forth above, the Court addressed the appeal waiver provision during the change of plea hearing. Moreover, the record reveals that Petitioner understood the full significance of his waiver of collateral relief. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) ("To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the

defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver."); *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993) ("[F]or a sentence appeal waiver to be knowing and voluntary, the district court must have engaged the defendant about the sentence appeal waiver during the Rule 11 hearing.").

Furthermore, the record demonstrates that Petitioner's plea of guilty was knowingly and voluntarily entered. The three primary requirements imposed by Federal Rule of Criminal Procedure 11 before the Court may accept a plea of guilty are: "'(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea.'" *United States v. Garcia*, 322 F. App'x 918, 919 n.2 (11th Cir. 2009) (quoting *United States v. Siegel*, 102 F.3d 477, 480 (11th Cir. 1996)). As discussed by the Fifth Circuit in *United States v. Gaitan*, 954 F.2d 1005 (5th Cir. 1992):

> The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged. As long as [the defendant] understood the length of the time he might possibly receive, he was fully aware of his plea's consequences.

*Id*. at 1012 (quotation omitted) (citations omitted).

The Court conducted a thorough and comprehensive plea colloquy. Petitioner stated under oath that he was not pressured to plead guilty. (Criminal Case Doc. No. 72 at 13.) Petitioner acknowledged that he understood the charges against him and was satisfied with his attorney's services. *Id*. at 9-12. Petitioner also affirmed that he had

read the plea agreement, had discussed it with his attorney, and understood the plea agreement. *Id.* at 14-15. Petitioner was advised that he was subject to a maximum sentence of five years of imprisonment for count one and to a maximum sentence of ten years of imprisonment for count two, which could run consecutively. *Id*. at 16-17. The Court asked Petitioner if he had any questions regarding the penalties he faced if he pled guilty, and he responded negatively. *Id.* at 21. Petitioner affirmed he understood that the Court could sentence him to the maximum penalty for each of the two offenses. *Id.* Petitioner acknowledged he understood that if the Court imposed the maximum penalties or imposed a sentence more severe than the sentencing guidelines calculation, he would not be permitted to withdraw his guilty plea. *Id*. at 24-25. Based on the plea agreement and Petitioner's representations during the plea hearing, the Court concludes that claim five is barred from consideration by the sentence-appeal waiver provision.

***C. Claim Six***

Petitioner asserts that appellate counsel rendered ineffective assistance by failing to meet with him, respond to written correspondence, challenge his conviction and sentence, and advise him of his right to file a motion for rehearing. In support of this claim, Petitioner complains that counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967),[2] without his consent.

---

[2]In *Anders v. California*, 386 U.S. 738 (1967), the Supreme Court of the United States established a procedure for appellate counsel when counsel believes there is no merit to the appeal.

Appellate counsel need not raise issues that he reasonably concludes will not be considered on the merits by the appellate court. *Francois v. Wainwright*, 741 F.2d 1275, 1285 (11th Cir. 1984). Likewise, appellate counsel need not brief issues reasonably considered to be without merit. *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984). Appellate counsel must be allowed to exercise his reasonable professional judgment in selecting those issues most promising for review, and "[a] brief that raises every colorable issue runs the risk of burying good arguments . . . ." *Jones v. Barnes*, 463 U.S. 745, 753 (1983).

"The filing of an *Anders* brief does not in itself constitute ineffective assistance of counsel." *Jorge v. United States*, 818 F. Supp. 55, 57 (S.D.N.Y. 1993). Petitioner simply has not shown that appellate counsel's filing of an *Anders* brief rendered his performance inadequate. In affirming Petitioner's convictions and sentences, the Eleventh Circuit Court of Appeals concluded "review of the entire record reveal's that counsel's assessment of the relative merit of the appeal is correct. [I]ndependent examination of the entire record reveals no arguable issues of merit. . . ." (Criminal Case Doc. No. 127.) Moreover, as discussed *supra*, the plea agreement contained a valid sentence-appeal waiver. Hence, Petitioner has made no showing that appellate counsel's performance was in any manner deficient.

Moreover, Petitioner has not demonstrated that he was prejudiced. Petitioner has not alleged any meritorious issues that appellate counsel failed to raise. Consequently, Petitioner has not demonstrated either deficient performance or prejudice.

Accordingly, claim six is denied.

***D. Claims Seven and Eight***

In claim seven, Petitioner contends that the cumulative effect of the trial and appellate counsels' errors resulted in a manifest miscarriage of justice because he is actually innocent. Similarly, in claim eight, Petitioner contends that newly presented evidence establishes that he is actually innocent of the offenses.

As explained by the Eleventh Circuit Court of Appeals, "[w]hile the prejudice inquiry should be a cumulative one as to the effect of all of the failures of counsel that meet the performance deficiency requirement, only the effect of counsel's actions or inactions that do meet that deficiency requirement are considered in determining prejudice." *Evans v. Sec'y, Fla. Dep't of Corr.*, 699 F.3d 1249, 1269 (11th Cir. 2012). Consequently, because Petitioner has failed to demonstrate any deficiency in either trial or appellate counsel's performance or prejudice resulting therefrom, his claim of cumulative error fails. *See Borden v. Allen,* 646 F.3d 785, 823 (11th Cir. 2011) ("Because Borden has not sufficiently pled facts that would establish prejudice—cumulative or otherwise—we decline to elaborate further on [a cumulative-effect ineffective assistance of counsel claim] for fear of issuing an advisory opinion on a hypothetical issue.").

Furthermore, to the extent Petitioner contends that he is actually innocent, "[a] free-standing claim of actual innocence cannot be brought as a substantive claim for relief in a federal habeas action." *Smith v. United States*, No. 8:09-cv-70-T-27MAP, 2010 WL 2613321, at *4 (M.D. Fla. 2010) (citing *Schlup v. Delo,* 513 U.S. 298, 315 (1995) for the

proposition that "[A] claim of innocence is . . . 'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'"); *see also United States v. Montano,* 398 F.3d 1276, 1284 (11th Cir. 2005) ("Actual innocence is not itself a substantive claim, but rather serves only to lift [a] procedural bar caused by a [petitioner]'s failure to timely file his § 2255 motion.). Additionally, this claim is refuted by the plea agreement and Petitioner's statements during the plea hearing. Accordingly, claims seven and eight are denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Petitioner's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:10-cr-115-Orl-22GJK and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 139) pending in that case.

4. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of

a constitutional right.[3] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 20th day of April, 2015.

ANNE C. CONWAY
United States District Judge

Copies to:
OrlP-1 4/20
Counsel of Record
Michael Frank Burgess

[3] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. foll. § 2255.